IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STEVEN GREGORY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:13-cv-130 (WLS) |
| : | |
| THEODOR WERTZ and JAMES : | |
| ADAMS, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court is Defendant James Adams's Second Motion to Compel. (Doc. 8.) In the Motion, Adams seeks an Order compelling Plaintiff Steven Gregory to comply with a Request for Production seeking records to substantiate deposition testimony. Adams claims that Gregory has not responded to the request for production. Gregory has not responded to Adams's motion.

Federal Rule of Civil Procedure 37(a)(1) requires that a party moving to compel discovery to "include certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." "[A] district court is allowed 'a range of choice' in such matters, and [the Eleventh Circuit] will not second-guess the district court's actions unless they reflect a 'clear error of judgment.'" *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006).

The Court finds that the requested documents are relevant and that Adams made a good-faith effort to resolve the dispute without court intervention. The discovery is relevant because it seeks to substantiate Gregory's deposition testimony. Gregory testified he spoke with Bobbie Roberts, with consent, during the existence of a protective order. The violation of that Order was part of the reason for Gregory's arrest. The rec-

ords show that defense counsel attempted to resolve the discovery dispute through e-mail before filing this motion. Notably, Gregory has not offered any defense or explanation for his failure to respond to the Request for Production.

Adams's motion is therefore **GRANTED**. Within **fourteen (14) days** from the entry of this Order, Gregory shall produce to defense counsel Mary Katz, at the address identified in her motion to compel, the following: Any documentary evidence, such as cell phone or telephone records, supporting your assertion that Bobbie Roberts initiated communications with you between May 27, 2011, and April 15, 2012. Failure to comply with this Order may result in appropriate sanctions against Plaintiff's counsel. Also within **fourteen (14) days** of the entry of this Order, defense counsel shall supplement the motion to dismiss with a request for attorney's fees and costs under Rule 37(a)(5). Plaintiff's counsel may respond to the request for attorney's fees within **fourteen (14) days** of receipt of the supplemental motion.

**SO ORDERED**, this   9th   day of April, 2014.

                                                  /s/ W. Louis Sands
                                                  **W. LOUIS SANDS, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**